### MURPHY v. MUTUAL RESERVE FUND LIFE ASS'N.

#### (Circuit Court, D. Indiana. March 19, 1902.)

#### No. 10,020

LIFE INSURANCE—ACTION ON POLICY—SUFFICIENCY OF ANSWER.

> An answer in an action on a life insurance policy setting up as a defense that the policy had lapsed by reason of the failure of the insured to pay an assessment must affirmatively show that such assessment was legally made; and, where it does not appear that the amount was fixed either by the policy or the constitution or by-laws of the company, facts must be alleged showing that it was duly made by the board of directors, or other corporate body, pursuant to an authority conferred upon them by the constitution or by-laws. A general allegation that the insured was duly notified of the assessment, and failed and refused to pay it within the time limited, is insufficient.

At Law. Action on a policy of life insurance. On demurrer to answer.

Rowland Evans, for plaintiff.
Guilford A. Deitch, for defendant.

BAKER, District Judge. The plaintiff has interposed a demurrer to the second, third, and fourth paragraphs of the answer of the defendant. The suit is upon a certificate or contract of insurance on the life of John W. Murphy for the benefit of his wife, Ann E. Murphy. The certificate was executed December 8, 1884, and the assured died on July 15, 1900. Due proof of death was properly made. The amended complaint avers due performance of all the conditions of the certificate by the assured. The certificate, a copy of which is made part of the amended complaint, provides that:

"In further consideration of the dues for expenses to be paid on or before the 8th day of December in every year during the continuance of this certificate, and of the further payment of all mortuary assessments payable at the

home office of the association, in the city of New York, within thirty days from the first week day of the months of February, April, June, August, October, and December of each and every year during the continuance of this certificate (or from such other periods as the board of directors may from time to time determine), and within thirty days from the day of the date that each assessment is ordered, the Mutual Reserve Fund Life Association, from and after the delivery hereof, with a receipt for the payment of the first annual dues, signed by the president, secretary, or treasurer of the association, does hereby receive John W. Murphy, of Indianapolis, county of Marion, state of Indiana, as a member of said association."

The certificate contains no agreement or statement of the amount of annual dues for expenses, nor of the amount of the bimonthly mortuary assessments. There is found indorsed upon the certificate, but constituting no part of the written contract, a statement that the annual dues for expenses are limited to $2 for each $1,000, payable annually, in advance. There is also indorsed thereon an "assessment rate table," showing the rate of assessments on each $1,000, commencing with the age of 15 years, and ending with the age of 65 years. The answer consists of a general denial, and of three special paragraphs in confession and avoidance. The second paragraph admits the execution of the certificate of insurance, and that it was issued to the plaintiff's husband, and it further avers:

"That the consideration for said policy was the application for membership, the admission fee paid, and dues for expenses to be paid on or before the 8th day of December in every year during the continuance of said policy, and of the further payment of all mortuary assessments payable at the home office of the defendant, in the city of New York, within thirty days from the first week day of the months of February, April, June, August, October, and December of each and every year during the continuance of said policy. A copy of said certificate is filed with the amended complaint herein, and is hereby referred to, and made a part of this answer. The defendant says that the said John W. Murphy was duly notified, by notice dated the 1st day of April, 1898, that an assessment was made on him in the sum of $141.90, and that the same was to be paid within thirty days from said date, in accordance with the conditions of said policy. The defendant says that the said John W. Murphy neglected, failed, and refused to pay said assessment call, or any part thereof, within said thirty days from said 1st day of April, 1898, or at any time thereafter, and that the same was never paid by the said John W. Murphy, or by any one acting for or on his behalf, or for or on behalf of the plaintiff herein. Defendant further says that after the said thirty days had elapsed from the said first day of April, 1898, the defendant notified the said John W. Murphy that said policy might be reinstated and put in full force and effect upon the payment of said assessment, but that said John W. Murphy neglected, failed, and refused to reinstate said policy or to pay said assessment."

It is a fundamental rule in the law of insurance that a policy shall be construed most strongly against the insurer, and liberally in favor of the assured. Such a construction is manifestly just. The conditions embodied in modern policies are carefully prepared for the insurance companies by counsel learned in the law, and it is plainly right that every doubt should be resolved against those who have caused the doubt. The policy does not fix the amount of the bimonthly mortuary assessments. Nor is there anything contained therein from which the assured can determine the amount of any such assessment. There are but three conceivable ways in which the

amount of such assessments can be fixed and determined, namely: (1) By an agreement as to the amount, stated in the policy; or (2) by the amount of such assessments being fixed in the constitution or by-laws of the association; or (3) by an assessment duly made by the board of directors of the association pursuant to authority conferred on such board by the constitution or by-laws. The certificate does not fix the assessment. The table of rates of assessment constitutes no part of the certificate. And if it did, it would show that the assessment mentioned in this paragraph of answer was wholly unauthorized. It is not alleged that the amount of the assessment which the assured was required to pay was fixed either by the constitution or by-laws. Hence no authority is shown, either in the certificate or in the constitution or by-laws, authorizing the assessment of $141.90 upon the assured. If the assessment was a lawful one, it must be because it was authorized by the constitution and by-laws, and because the same was duly made by the board of directors or other corporate body pursuant to an authority conferred upon them by such constitution and by-laws. The answer wholly fails to allege how, in what manner, or by what authority the assessment of which the assured was notified was made. It does not even allege that it was duly made. The defendant must, by averment and proof, show that the assessment of $141.90 was lawfully made by some competent body authorized thereto, pursuant to an authority which was binding at the time upon the assured. The rule is well stated in 2 Joyce, Ins. § 1310:

"The act of making an assessment is a ministerial, and not a judicial, one. Therefore no presumption can arise in favor of the regularity or legality of assessments; and it is an affirmative matter, both of pleading and evidence, necessary to establish a forfeiture for nonpayment of an assessment, that the assessment should appear to have been made in the manner, mode, and in conformity with the authority given, and for a proper purpose. A general allegation that it was duly made is insufficient."

There is no direct averment that an assessment was made upon the assured. It is simply stated that he was notified on the 1st day of April, 1898, that an assessment was made upon him for the sum of $141.90; but when, by whom, for what purpose, and under what authority, is not shown by this paragraph of the answer. Forfeitures are not favorites of the law, and whoever seeks to make out a case of forfeiture must do so by pleading every essential fact with certainty and precision. This paragraph of answer is fatally defective. The same reasons apply with equal force to the third and fourth paragraphs of answer, and each must be held insufficient.

The demurrer to the second, third, and fourth paragraphs of answer is sustained, and the defendant is given an exception. The defendant has leave, if so advised, to amend these paragraphs of answer within 15 days.